IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GINGER BILL MONTS                                                                                    PLAINTIFF

vs.                                            Civil No. 4:16-cv-04106

NANCY A. BERRYHILL                                                                                DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Ginger Bill Monts ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and period of disability under Title II of the Act for the closed period of her alleged onset date of May 31, 2013 through March 17, 2015, the date the ALJ found Plaintiff became disabled.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff protectively filed her disability application on March 19, 2013. (Tr. 12). In this application, Plaintiff alleges being disabled due to diabetes and inflammatory osteoarthritis. (Tr. 230). Plaintiff alleges an onset date of May 31, 2013. (Tr. 12). Her application was denied initially and again upon reconsideration. (Tr. 54-84).

1

Plaintiff requested an administrative hearing on her denied application. (Tr. 103-104). This hearing request was granted, and Plaintiff's administrative hearing was held on July 13, 2015 in Texarkana, Arkansas. (Tr. 24-53). At this hearing, Plaintiff was present and was represented by counsel, Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") Mary May testified at this hearing. *Id.* During this hearing, Plaintiff testified she was fifty-nine (59) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e). (Tr. 30). As for her education, Plaintiff testified she completed the twelfth grade in school. (Tr. 31).

On October 22, 2015, after the administrative hearing, the ALJ entered a partially unfavorable decision denying Plaintiff's application for the period from May 31, 2013 through March 17, 2015. (Tr. 8-19). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2017. (Tr. 14, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 31, 2013. (Tr. 14, Finding 2). The ALJ determined that since her alleged onset date of disability (May 31, 2013), Plaintiff has had the following severe impairments: diabetes mellitus; osteoarthritis; obesity; and hypertension. (Tr. 14-15, Finding 3). The ALJ determined that, beginning on her established disability date of March 17, 2015, Plaintiff had the following severe impairments: coronary artery disease, status post coronary artery bypass graft; diabetes mellitus; osteoarthritis; obesity; and hypertension. *Id.*

The ALJ also determined since her alleged onset date of May 31, 2013, Plaintiff did not have an impairment or combination of impairments that meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her

2

Residual Functional Capacity ("RFC"), as of her alleged onset date and again as of March 17, 2015 (the date the ALJ found her to be disabled). (Tr. 15-16, Findings 5-6). Specifically, the ALJ determined Plaintiff had the following RFC prior to March 17, 2015:

> After careful consideration of the entire record, the undersigned finds that prior to March 17, 2015, the date the claimant became disabled, the claimant had the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b).

*Id.* The ALJ also found that beginning March 17, 2015, Plaintiff only retained the RFC to perform the full range of sedentary work. (Tr. 17, Finding 6).

The ALJ then evaluated Plaintiff's ability to perform her Past Relevant Work ("PRW"), both prior to and after March 17, 2015. (Tr. 17-18, Findings 7-8). The ALJ determined that prior to March 17, 2015, Plaintiff was capable of performing her PRW as a paraprofessional. (Tr. 17, Finding 7). The ALJ also determined that beginning on March 17, 2015, Plaintiff's RFC prevented her from being to able to perform her PRW. (Tr. 18, Finding 8).

Based upon these findings, the ALJ determined that since March 17, 2015, considering her age, education, work experience, and RFC, there were no jobs Plaintiff could perform that exist in significant numbers in the national economy. (Tr. 18, Finding 12). Thus, the ALJ determined she was disabled after March 17, 2015. *Id.* However, the ALJ also determined Plaintiff was not disabled prior to March 17, 2015. (Tr. 18, Finding 13).

Plaintiff sought review with the Appeals Council on November 10, 2015. (Tr. 5-7). On October 7, 2016, the Appeals Council denied this request for review. (Tr. 1-3). On November 1, 2016, Plaintiff filed a Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 5, 9, 11. This case is now ready for

determination.

2. **<u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff claims the following: (A) the ALJ erred in "failing to resolve the conflict in Plaintiff's onset date of disability beginning May 31, 2013"; (B) the ALJ erred in finding she could perform a full range of light work on May 31, 2013; and (C) the ALJ erred in discrediting her subjective complaints. ECF No. 9 at 1-19. Upon review, the Court finds the ALJ has not supplied a sufficient basis for discounting Plaintiff's subjective complaints for the time-period before March 17, 2015. Thus, the Court will only consider Plaintiff's final argument for reversal.

In his opinion, the ALJ found Plaintiff's subjective complaints were generally credible *after* March 17, 2015 *but not before* March 17, 2015. (Tr. 15-17, Findings 5-6). The ALJ decided

5

to discount her subjective allegations prior to March 17, 2015 based upon "the minimal objective findings, [Plaintiff's] fair control of her impairments and rather extensive activities of daily living." (Tr. 16-17). These "rather extensive activities of daily living" include taking care of her husband when he needs it, preparing light meals, doing laundry, driving a vehicle, going shopping, using a computer, and handling finances. (Tr. 16).

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

[the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski* for the time-period before March 17, 2015. Instead of complying with *Polaski* and considering the *Polaski* factors, the ALJ only focused on Plaintiff's medical records. (Tr. 16-17). Indeed, as noted above, although the ALJ recited she had properly evaluated Plaintiff's subjective allegations, the ALJ truly only discounted Plaintiff's subjective complaints because they were not supported by her medical records. (Tr. 16-17). Furthermore, although the ALJ also referenced Plaintiff's daily activities, those activities were not as extensive as the ALJ indicates. It is well-settled law that a "claimant need not prove she is bedridden or completely helpless to be found disabled." *See Thomas v. Sullivan,* 876 F.2d 666, 669 (8th Cir. 1989) (citation omitted).

The Court finds the ALJ's decision to discount Plaintiff's subjective complaints *before* March 17, 2015 without a sufficient basis was improper under *Polaski*. See *Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, because the ALJ provided an insufficient basis for discounting Plaintiff's subjective complaints before March

17, 2015, this case must be reversed and remanded.

4.      **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 7th day of November 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE